UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Manuel Torres, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 5:21-cv-200 |
| Bank of America, N.A.; and Experian Information Solutions, Inc. | § § § § | |
| Defendants. | § § § | |

# COMPLAINT

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a resident of the County of Comal, Texas.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Bank of America, N.A. ("BANA") exists and operates under the laws of the State of Texas and is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Experian Information Solutions, Inc. is company existing and operating under the laws of the State of Texas that engages in the business of maintaining and reporting consumer credit information.

8. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. In or about December 2020, Plaintiff obtained a copy of his credit report from Experian.

10. Upon review of his Experian credit report, Plaintiff observed that BANA was reporting that Plaintiff owed a past due balance on an account allegedly owed to BANA (the "Account").

11. However, Plaintiff is not responsible for the Account.

12. Upon information and belief, the Account at issue belongs to Plaintiff's father.

13. Plaintiff is not a joint owner of his father's Account or otherwise obligated to pay his father's account in any way.

14. The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

15. Experian published the false information regarding the Account to third parties.

### **WRITTEN DISPUTE**

16. In or about December, 2020 Plaintiff sent a written letter to Experian, disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report, and also requesting from Experian a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing (the "Dispute").

17. Upon information and belief, Experian forwarded Plaintiff's Dispute to BANA for reinvestigation.

18. Upon information and belief, BANA received notification of Plaintiff's Dispute from Experian.

19. BANA failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

20. Experian failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

21. BANA informed Experian of Plaintiff's dispute, but failed to instruct Experian to remove the false information reporting on Plaintiff's consumer report.

22. Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

23. Experian employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

24. At no point after receiving the Dispute did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

### COUNT I – BANA

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

25. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

26. After receiving the Dispute, BANA failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

27. BANA violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute; by failing to review all relevant information regarding Plaintiff's Dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

28. As a result of this conduct, action, and inaction of BANA, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

29. BANA's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

30. In the alternative, BANA was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

31. Plaintiff is entitled to recover costs and attorneys' fees from BANA pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT II – Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

32. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

33. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

34. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Experian published and maintained concerning Plaintiff.

35. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

36. Experian's conduct, action, and inaction was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

37. In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

38. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### **COUNT III – Experian**

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

39. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

40. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

41. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

42. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43. Experian's conduct, action, and inaction was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

44. In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5.       Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: March 2, 2021

>                               /s/ Joseph Panvini
>                               Joseph Panvini
>                               McCarthy Law, PLC
>                               4250 North Drinkwater Blvd, Suite 320
>                               Scottsdale, AZ  85251
>                               Telephone: (602) 456-8900
>                               Fax: (602) 218-4447
>                               Attorney for Plaintiff